SAMUEL LEVINE. PLAINTIFF-APPELLEE. v. PUBLIC SERVICE ELECTRIC COMPANY, DEFENDANT-APPELLANT.

Submitted March 20, 1924—Decided May 29, 1924.

**Negligence—Broken Manhole Cover, Property of Defendant—Doctrine of Res Ipsa Loquitur Applicable.**

On appeal from the District Court of the city of Bayonne.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Leonard J. Tynan.*

For the respondent, *Jacob Feinberg.*

PER CURIAM.

While driving his car after dark in the early evening of March 10th, 1923, the plaintiff's Ford automobile suddenly fell into an excavation which turned out to be a manhole belonging to the defendant company. The proofs were that the manhole cover was broken in half, whether by the passing of the Ford car over it, or from other conditions of traffic or otherwise, did not appear. The whole of the testimony on behalf of the plaintiff was that after the accident happened the plaintiff got out of his car and saw a big manhole without any cover on; that the cover was lying along side broken. The defendant moved for a nonsuit, which was refused, and at the conclusion of the case asked for a direction of a verdict in its favor. This was also refused and an exception noted. The refusal of the court to grant these motions is the subject now in review. It is contended that there was no evidence of negligence sufficient to go to the jury.

It is true that there is no direct proof of negligence in the case. The question, therefore, arises as to whether the doctrine of *res ipsa loquitur* applies. It has ever been regarded that he who maintains by lawful right an opening in the public highway is under duty to use the care which the circumstances require to safeguard those using the surface of the street, and reasonable care under such circumstances has been held to be of a high character. *Schroeder* v. *Public Service*, 118 *Atl. Rep.* 337; *Fox* v. *Wharton*, 64 *N. J. L.* 453; *Insurance Co.* v. *Railroad Co.*, 92 *Id.* 467. The application of the doctrine was elaborately discussed by the Court of Errors and Appeals in the case of *Bahr* v. *Lombard*, 53 *Id.* 238, and in it Mr. Justice Garrison uses this language: "If something unusual happens with respect to the defendant's property, or something over which he has control, which injures the plaintiff, and the natural inference on the evidence is that the unusual occurrence is owing to the defendant's act, the occurrence, being unusual, is said to speak for itself that such act was negligent."

As illustrating its application, a brick falling from a roof on a passerby (*Sheridan* v. *Foley,* 58 *N. J. L.* 230), a charged electric wire lying in the street (*Newark Electric Light Co.* v. *Ruddy,* 63 *Id.* 357), an electric arc lamp falling in the street (*Excelsior Electric Co.* v. *Sweet,* 57 *Id.* 225), have all been illustrations of the application of the rule. In this case nothing falls from above, but something breaks from beneath. The thing that breaks is the property of the defendant, is in its control, and for its construction and placing the defendant is responsible. It is obligated to use the reasonable care required to see that the construction is of sufficient strength to meet the requirements of lawful users of the highway. The plaintiff was necessarily ignorant of the making, of the material and the placing of this manhole cover. On the contrary, all of these factors were presumably within the knowledge of the defendant. It seems to us that the facts established were sufficient, at least, to impose upon the defendant the duty of an explanation. Failing in this duty, it was permissible for the jury to infer that the condition of the manhole was due to some negligent act of commission or omission on the part of the defendant. The only defense produced to meet this *prima facie* case was the testimony of a lampman who testified that he casually observed the manhole on a previous occasion. Whether this was sufficient to meet the *prima facie* case established by the plaintiff (if the jury so regarded the plaintiff's case), was, we think, a verdict for the jury.

The verdict being found for the plaintiff, under a correct charge of the judge, the judgment must be affirmed.